IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| M. DANIEL BERMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 2:03-cv-1173-MEF |
| | ) |
| BLOUNT PARRISH & CO., INC., *et al.*, | ) (WO - Recommended for Publication) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Defendants' Motion to Dismiss (Doc. # 47), filed August 22, 2005 and Defendants' Motion for Sanctions (Doc. # 49), filed August 22, 2005. Plaintiffs M. Daniel Berman and Joseph A. Stanley, Jr. (collectively "Plaintiffs") have filed suit against Blount Parrish & Company, Inc., BP Holdings, LLC, and certain individuals (collectively "Defendants") alleging violations of sections 12(a) and 15 of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. §§ 77l, 77o. Because it is apparent from the face of the complaint that Plaintiffs' claims are time-barred, this Court finds that Defendants' Motion to Dismiss is due to be GRANTED. This Court also finds that the Defendants' Motion for Sanctions is due to be DENIED.

### I. JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 77v(a) (securities) and 28 U.S.C. § 1331 (federal question). The parties contest neither personal jurisdiction nor venue, and the Court finds an adequate factual basis for each.

## II. RULE 12(B)(6) STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true). Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III.  FACTS AND PROCEDURAL HISTORY

The facts alleged in the complaint are as follows.  The Industrial Development Board of the City of Troy, Alabama ("the City") published a prospectus in the form of an offering memorandum for the sale of Solid Waste Revenue Bonds.  The offering included $5,800,000 worth of Series 1998A Bonds, and $1,000,000 worth of Series 1998B Bonds.  The bonds were issued to finance the acquisition, construction, and equipping of a poultry recycling, processing and feed manufacturing facility to be located in Troy, Alabama.  This facility would be leased by the City to Alabama Protein Recycling, LLC ("APR") pursuant to a Facility Lease Agreement dated May 1, 1998 ("Lease Agreement").  The City's obligation under the bonds was payable from the payments APR was to make to the City under the Lease Agreement.

The prospectus explained that APR would provide services to two primary industries: the poultry industry and the livestock feed manufacturing industry.  For poultry growers, APR would provide for removal and disposal of deceased poultry for a monthly fee.  APR would transport the deceased poultry to a facility where they would be ground, heated, and treated for pathogens.  The poultry would then be converted into a high-protein additive for the feed industry or finished feed product for the livestock industry.

Plaintiff Berman alleges that he purchased $30,000 Series 1998B Bonds in May 1998. Plaintiff Stanley alleges that he purchased $35,000 Series 1998B Bonds in May 1998. Plaintiff Berman filed his original complaint in the Northern District of Georgia on March

14, 2003 against Blount Parrish. On August 14, 2003, the complaint was amended to add Plaintiff Stanley, and several defendants as well. The complaint alleges that Defendants made numerous false statements and omissions of material fact in the prospectus in violation of the Securities Act of 1933 §§ 12(a) and 15. The case was transferred to this Court on November 17, 2003.

## IV. DISCUSSION

### A. Motion to Dismiss

The Defendants argue that the Plaintiffs' complaint should be dismissed because they are barred by the statute of limitations. Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (*Tello I*). The defendant has the burden of proof to establish the elements of the affirmative defense of the statute of limitations. *Id.* at 1292. If Defendants can establish that the Plaintiffs' claims are time-barred, dismissal of this action would be warranted because "a class representative whose claim is time-barred cannot assert the claim on behalf of the class." *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 974 n.17 (11th Cir. 2007) (*Tello II*).

At the time that the alleged fraud occurred in this case, Plaintiffs' claims were governed by the statute of limitations contained in section 13 of the Securities Act, 15 U.S.C. § 77m. Section 13 states that no claim under section 12(a)(1) can be brought more than three

years after the security was offered to the public, and that no claim under section 12(a)(2) can be brought more than three years after the security was purchased. *See* 15 U.S.C. § 77m; *Lieberman v. Cambridge Partners*, 432 F.3d 482, 484-85 (3d Cir. 2005). Furthermore, this statute of limitations also applies to claims brought under section 15 of the Securities Act.[1] *See id.*; *Herm v. Stafford*, 663 F.2d 669, 677 (6th Cir. 1981). The original complaint was filed on March 14, 2003, however, Plaintiffs allege in their complaint that they purchased the bonds in May of 1998. Therefore, their claims became barred by the statute of limitations in May of 2001.

Plaintiffs argue that the statute of limitations in the Sarbanes-Oxley Act of 2002 ("SOA"), 28 U.S.C. § 1658(b), revived their claims, and thus, their claims are timely. That section provides:

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of–
> (1) 2 years after the discovery of the facts constituting the violation; or
> (2) 5 years after such violation.

28 U.S.C. § 1658(b). Plaintiffs argue that because the original complaint was filed within five years of the date they purchased the bonds, their claims are timely under the new statute of limitations, which took effect on July 30, 2002. Defendants argue that because Plaintiffs

---

[1] Section 15 of the Securities Act provides for derivative liability for a person who "controls" another person who commits a violation of section 12. 15 U.S.C. § 77o. Therefore, in order to be liable under section 15, there must also be a violation of section 12. *See Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) ("Without a violation of § 12, there is no claim under § 15.").

claims expired in May 2001, prior to the effective date of the SOA, the new statute of limitations can not revive their claims because the SOA does not apply retroactively.

This is not the first time a Plaintiff has argued that the SOA's statute of limitations is retroactive. Indeed, almost every circuit in the United States has ruled on the issue. This Court has not found a single case, not overruled, that has held that the statute of limitations in the SOA applied retroactively to revive stale claims. *See In re Enter. Mortgage Acceptance Co. Sec. Litig.*, 391 F.3d 401, 406 (2d Cir. 2005) [hereinafter *Enter. Mortgage*]; *Lieberman*, 432 F.3d at 492 (3d Cir.); *Glaser v. Enzo Biochem, Inc.*, 126 Fed. Appx. 593, 598 (4th Cir. 2005); *Margolies v. Deason*, 464 F.3d 547, 551 (5th Cir. 2006); *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005); *In re ADC Telecomm., Inc. Sec. Litig.*, 409 F.3d 974, 978 (8th Cir. 2005); *Quaak v. Dexia, S.A.*, 357 F. Supp. 2d 330, 337 (D. Mass. 2005); *In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 879 (E.D. Tenn. 2005).

Plaintiffs cite the Eleventh Circuit's decisions in *Tello I* and *Tello II* for the proposition that the Eleventh Circuit has held that the SOA applies retroactively to revive stale claims. *Tello I* was an interlocutory appeal from a district court's ruling that the SOA *did* revive stale claims. *See Tello I*, 410 F.3d at 1277-78. *Tello I* reversed the district court's decision and remanded the case back for additional fact-finding to determine when the plaintiff had inquiry notice of his claims against Dean Witter. *See id.* at 1294. The Circuit made it clear that they were not ruling on the retroactivity of the SOA:

> We recognize that other circuits have decided that § 1658(b) cannot be applied retroactively to revive securities fraud cases, when the claims were

6

>time-barred under the former statute of limitations. On the undeveloped record
>in this case, however, *it is premature for us to make that legal determination*.

*See id.* at 1294 n.19 (emphasis added and internal citations omitted). After the district court conducted additional fact-finding, the case went back to the Circuit in *Tello II*. In that opinion, the Circuit held that the plaintiff had inquiry notice in September 1998, which meant that his claims were time-barred under both the old 1-year/3-year statute of limitations, and the SOA's 2-year/5-year statute of limitations. *See Tello II*, 494 F.3d at 975. The Circuit noted that "[b]ecause Tello and the class are time-barred under both the former statute of limitations and the SOA statute of limitations, *the question of whether the SOA statute of limitations revives securities-fraud actions that were time-barred under the former statute of limitations is not presented in this case*." *Id.* (emphasis added). Therefore, based on this Court's reading of these decisions, the issue of the retroactivity of the SOA's statute of limitations provision has not been decided in this circuit.

As noted above, six other circuits have squarely addressed the issue and held that the SOA's statute of limitations does not revive stale claims. The Second Circuit was the first circuit to address the issue. *See Enter. Mortgage*, 391 F.3d 401. Every circuit court that has addressed the issue has followed that decision. This Court finds that the analysis in *Enterprise Mortgage* is a thorough and correct statement of the law. Consequently, this Court adopts the reasoning of the Second Circuit in *Enterprise Mortgage* that the SOA does not revive stale claims. *See id.* at 405-10. Accordingly, Plaintiffs section 12(a)(1) claim expired no later than three years after the security was offered to the public, and their section

12(a)(2) claim expired no later than three years after the security was purchased. 15 U.S.C. § 77m. Since Plaintiffs allege they purchased the securities in May 1998, Plaintiffs' section 12(a) claims expired no later than May 2001. In addition, Plaintiffs' section 15 claim also expired no later than May 2001 for the same reason. *Lieberman*, 432 F.3d at 484-85. Therefore, all of Plaintiffs' claims expired before the statute of limitations in § 1658(b) became effective on July 30, 2002. Because this Court finds that § 1658(b) is not retroactive, Plaintiffs' claims remain time-barred and must be dismissed.

**B. Motion for Sanctions**

Defendants have moved for sanctions under Fed. R. Civ. P. 11. Defendants argue that Plaintiffs' claims are not warranted by existing law or by a nonfrivolous argument. Rule 11 states, among other things, that the act of submitting any pleading, written motion, or other paper to a court is a certification that to the best of the person's knowledge, information, and belief, the claims "are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2). Rule 11 also allows a court to impose sanctions if it finds that this requirement has been violated. Fed. R. Civ. P. 11(c).

The standard for testing conduct under amended Rule 11 is "reasonableness under the circumstances." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915-16 (11th Cir. 2003). A district court has the discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an

8

improper purpose.

*Id.* The original complaint was filed on March 14, 2003, and the amended complaint was filed on August 14, 2003. Under the circumstances, this Court cannot find that the claims in this case were frivolous arguments. Specifically, the Defendants have failed to establish that, at the time the Plaintiffs' claims were filed, a reasonable lawyer would have believed the claims had "no reasonable chance of success" or were advancing an "unreasonable argument to change existing law." *See id.* at 916. The fact that Plaintiffs claims have ultimately failed does not mean they were unreasonable when brought. *See id.*

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that

(1) Defendants' Motion to Dismiss (Doc # 47) is GRANTED.

(2) Defendants' Motion for Sanctions (Doc. # 49) is DENIED.

(3) All of Plaintiffs' claims in this action are DISMISSED WITH PREJUDICE.

(4) Consistent with the requirements of Federal Rule of Civil Procedure 58, a separate final judgment will be entered.

DONE this the 26th day of November, 2007.

                                                   /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE